UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

IN RE                                           )
                                                )    Case No. 08-00802-TLM
AARON MICHAEL HYMAS and                         )
TIFFANY KIM HYMAS,                              )
                                                )    Chapter 7
          Debtors.                              )
_____                 )

**MEMORANDUM OF DECISION**
_____

**BACKGROUND AND FACTS**

Aaron and Tiffany Hymas ("Debtors"), filed a petition for chapter 7 relief on April 25, 2008.[1] They listed their address on the petition as 2850 S. Sugar Loaf Way, Eagle, Idaho. Doc. No. 1.[2]

Schedules were not filed for an extended period. On June 11, 2008, Debtors filed 260 pages of schedules and statements. Doc. No. 49. They listed on 18 pages of schedule A some 155 parcels of real property. They asserted that their

---

[1] Unless otherwise indicated, all chapter, section or other statutory references are to the Bankruptcy Code, Title 11, U.S. Code, §§ 101-1532.

[2] The Court takes judicial notice of its files and records, Fed. R. Evid. 201, in order to outline the procedural history of the case. Portions of those records that consist of pleadings executed by Debtors under penalty of perjury are subject to treatment as evidentiary admissions, Fed. R. Evid. 801(d). *In re Webb*, 03.1 I.B.C.R. 25, 26, 2002 WL 33939737, at *4 (Bankr. D. Idaho 2002).

MEMORANDUM OF DECISION - 1

interest in most was held in "fee simple" and denoted those interests as held by Debtors as "community" property. For each parcel, they indicated that the value was "unknown" and the secured claim against it was "$0.00." *Id.*[3] This included the listing for the parcel at 2850 S. Sugar Loaf Way in Eagle. *Id.* at 18. Debtors claimed no homestead exemption on that asserted residence. *Id.* at 29.[4]

Debtors replaced their original counsel in October, 2008. Doc. No. 127. On March 16, 2009, Debtors filed a change of address indicating a move from 2850 S. Sugar Loaf Way property to another residence in Eagle, Idaho. Doc. No. 163.

On June 4, 2009, Debtors filed a motion to compel abandonment of the property at 2850 S. Sugar Loaf Way. Doc. No. 165. On June 29, the Court granted that motion. Doc. No. 168.[5]

---

[3] Debtor Aaron Hymas was in the business of developing real property and building homes through a jointly owned corporation. *See In re Walker*, Case No. 08-00804-TLM which is the personal chapter 7 bankruptcy of Aaron's business partner and *In re Crestwood, Inc.*, Case No. 08-01350-TLM, the bankruptcy case of their jointly owned corporation. Debtors here, and the debtors in *Walker*, similarly listed ownership of and liabilities on real property.

[4] Debtors' schedule C contained only personal property exemptions. Doc. No. 49. Debtors' statement of financial affairs also indicated, in response to question 14, that "Hymas Holdings I, LLC" owned "all household items" listed on schedule B and that Debtors held that personal property, located at the Sugar Loaf Way parcel, for such entity. *Id.* at 253.

[5] In hindsight, it appears the order was improvidently entered. Debtors served the trustee, trustee's counsel, and numerous parties who had requested notice, but did not serve all creditors in the estate. Doc. No. 165 at 3-5. Local Bankruptcy Rule 6007.1 requires a motion to compel abandonment under § 554(b) to be served on all creditors and parties in interest in compliance with Fed. R. Bankr. P. 6007(a). However, the issues now before the Court are not dependent on the abandonment of the property.

MEMORANDUM OF DECISION - 2

Debtors soon after filed a motion under § 522(f) to avoid the judicial lien of creditor Building Components of Idaho, Inc. ("BCI"). *See* Doc. No. 170, filed July 15, 2009 (the "Motion"). The Motion was supported by an affidavit of Debtors' counsel, which asserted that the property had been appraised at $645,000 to $652,000 and that consensual secured claims existed in an amount of $1,700,000. Doc. No. 171. Counsel also asserted that the lien of BCI impaired Debtors' exemption in the property.[6]

However, at the time the Motion was filed, Debtors had not claimed an exemption in the property. That exemption was claimed in an amended schedule C filed later in the day on July 15. Doc. No. 173. That schedule claimed a $100,000 exemption under Idaho Code §§ 55-1001, 55-1002 and 55-1003. It asserted the fair market value of the property as $1,409,000. *Id.*

BCI objected to the Motion, arguing that Debtors had no exemption and, thus, the lien caused no impairment. Doc. No. 175. BCI also argued that Debtors were required in any event to avoid liens in their order of priority, starting with the most junior. *Id.* at 2.

Hearing was held on August 11, 2009. It became clear at the hearing that Debtors had negotiated a "short sale" of the property, and had made arrangements

---

[6] In his affidavit, Counsel commented on the entry of the order of abandonment, but he erroneously indicated that such order also authorized Debtors' sale of the property. It did not.

MEMORANDUM OF DECISION - 3

with a number of judicial lien creditors to take certain undisclosed payments in return for releasing their liens. Because BCI refused to negotiate such a deal, Debtors sought to avoid its lien through § 522(f)(1)(A). The Court took the Motion and BCI's response and objection under advisement following argument.[7]

Three days later, BCI filed a motion seeking to extend the time within which to object to the claim of homestead exemption, citing Fed. R. Bankr. P. 4003(b)(1). Doc. No. 183 ("Extension Motion"). That Rule provides that a party in interest may object within 30 days of an amendment asserting a new or amended exemption. It also provides that "The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension." *Id.* BCI set its Extension Motion for hearing on September 8, 2009.

On August 25, BCI filed an objection to the claimed homestead exemption. Doc. No. 185 ("Objection to Exemption"). BCI's Objection to Exemption alleges that, on the date of the filing of Debtors' petition for relief in April 2008, title to the property at 2850 S. Sugar Loaf Way was held by Hymas Holdings I, LLC, pursuant to a quitclaim deed from Tiffany Hymas recorded on February 20, 2008. BCI further alleges that title was transferred back to Tiffany Hymas by a quitclaim deed from Hymas Holdings I, LLC, recorded on July 7, 2008. *Id.* at 2 and at Exs.

---

[7] Neither party presented evidence at the hearing.

MEMORANDUM OF DECISION - 4

A, B.

Later on August 25, Debtors filed a "ex parte motion" seeking an order denying the Extension Motion without hearing. Doc. No. 186 (the "Ex parte Motion"). Debtors allege the Extension Motion was not filed during the initial 30 day period. *Id.* at 1-2. They also allege their pending sale may be jeopardized by any extension and resultant delay. An August 25 "supplement" to this pleading, Doc. No. 187, contains the affidavits of Debtors, both averring that they resided in the property at 2850 S. Sugar Loaf Way at the time they filed bankruptcy, and that they have not "filed any other Declaration of Homestead." *Id.*[8] The affidavits do not address BCI's contention that the title to the property was in the name of another entity at the time of filing.

## DISCUSSION AND DISPOSITION

BCI's Objection to Exemption directed to Debtors' July 15, 2009 amended schedule C can be raised in the context of its defense of the § 522(f)(1)(A) Motion, and need not be raised within Rule 4003's time limits.[9] This proposition was established at least a decade ago in this District. *See In re Conley*, 99.1

---

[8] The homestead exemption asserted is based on residence, not on the filing of any "declaration." *See generally In re Field*, 05.1 I.B.C.R. 11, 13-14, 2005 WL 4705073 (Bankr. D. Idaho 2005) (describing the processes for the two types of homestead exemptions under Idaho law).

[9] While BCI need not bring an objection within Rule 4003's time constraints, the Court observes that had it desired to do so, independent of its objection to Debtors' § 522(f)(1) Motion, the Extension Motion was timely filed under the express language of Rule 4003(b)(1).

MEMORANDUM OF DECISION - 5

I.B.C.R. 7 (Bankr. D. Idaho 1999) (citing, *inter alia*, *Morgan v. Federal Deposit Ins. Corp. (In re Morgan)*, 149 B.R. 147 (9th Cir. BAP 1993)). A judicial lien creditor may have no reason to contest a claim of objection until and unless the debtor later attempts to avoid its lien. Thus, in defending that motion, the lien creditor may contest the legitimacy of the exemption. *Id.*

Because no objection to claim of exemption is separately required within Rule 4003(b)(1)'s time limits, BCI's Extension Motion, and Debtors' plea for an *ex parte*[10] order denying that requested extension, are moot. Neither the extension nor the hearing are required. The hearing will therefore be vacated.

The second question, of course, relates to Debtors' Motion seeking to avoid BCI's judicial lien.

The authorities are clear that to achieve relief under § 522(f)(1), Debtors must show:

(1) an exemption to which they are entitled under § 522(b);

(2) the property is listed in Debtors' schedules and claimed as exempt;

(3) the lien impairs the exemption; and

(4) the lien is judicial rather than consensual.

---

[10] In any event, Debtors offered inadequate support for the idea that the request could properly be denied "ex parte" and without an opportunity for argument.

MEMORANDUM OF DECISION - 6

*Conley*, 99.1 I.B.C.R. at 7; *see also In re Thames*, 05.3 I.B.C.R. 52, 54 (Bankr. D. Idaho 2005).

*Conley* noted that under Rule 4003(c) the creditor bears the burden of proving the exemption is not properly claimed. *Id.* at 8 n.7 (citing Rule 4003(c) and *Morgan*, 149 B.R. at 152 n.3). But it further recognized:

> [T]he debtor does not initially bear the burden of proof on this issue. Once the lien creditor has come forward with evidence questioning the validity of the exemption, however, the debtor may need to produce evidence supporting the claim of exemption to persuade the court to allow the lien avoidance.

*Id.* (quoting *Morgan*, 149 B.R. at 152 n.4). The Court later elaborated on this point in *Field*, holding that:

> [B]efore Debtor can use § 522(f)(1)(A) to avoid Creditor's lien, Debtor must first show that he holds a valid exemption as to the Property. *In re Mason*, 254 B.R. [764, 768 (Bankr. D. Idaho 2000)]; *Bishop v. Conley (In re Conley)*, 00.1 I.B.C.R. 15, 19 (Bankr. D. Idaho 1999) ("[A] valid exemption is prerequisite to any avoidance of Creditor's judgment lien.") And once Creditor offers evidence calling the validity of the exemption into question, Debtor is obliged to produce evidence supporting the exemption claim. *Mason*, 254 B.R. at 768.

05.1 I.B.C.R. at 13.

In this case, the Objection to Exemption raises a credible issue relating to whether Debtors had an interest in the real property at 2850 S. Sugar Loaf Way on April 25, 2008 – the day they filed their petition for relief. That this is the critical date to analyze Debtors' interest in property, the validity of exemption, and the

MEMORANDUM OF DECISION - 7

value of the property is not subject to dispute. *Field*, 05.1 I.B.C.R. at 13 (citing, *inter alia*, *Culver, L.L.C. v. Chiu (In re Chiu)*, 266 B.R. 743, 751 (9th Cir. BAP 2001)); *Webb*, 2002 WL 33939737 at *3-*4.

The Objection to Exemption attaches what purports to be a quitclaim deed executed by Tiffany Hymas, conveying this property to Hymas Holdings I, LLC, bearing a February 19 signature and a February 20, 2008 recording date. Doc. No. 185 at 6-7. It also attaches another quitclaim deed, from Hymas Holdings I, LLC (executed by Tiffany Hymas as its Managing Member) to Tiffany Hymas, with a June 10, 2008 signature and a July 7, 2008 recording date. *Id.* at 9. While Debtors' August 25 affidavits, Doc. No. 187, aver that Debtors resided at this property at the time they filed bankruptcy, there is no response to the allegations regarding the quitclaim deeds or Debtors' lack of interest in the property on the petition date. A cognizable ownership interest in the property must exist on the date of filing. *See*, *e.g.*, *Field*, 05.1 I.B.C.R. at 14 ("Absent an ownership interest in a dwelling claimed as exempt, the protection of the automatic exemption should not be extended.").

At a minimum, BCI's submissions "call the validity of the exemption into question" and are sufficient to put Debtors to their proof on that required element for § 522(f)(1)(A) relief.

As noted above, no evidence was presented at the earlier hearing. The new

MEMORANDUM OF DECISION - 8

information in the post-hearing Objection to Exemption raises factual matters that should and will require presentation of evidence. *See* Fed. R. Bankr. P. 9014(d). The Court concludes that a further hearing must be scheduled and held on the Motion and BCI's objection.[11]

**CONCLUSION**

The Ex parte Motion and the Extension Motion will be denied by the Court, as the same are moot. BCI may contest the validity of the homestead exemption claimed in the context of its defense to the attempted avoidance of its judicial lien

---

[11] The Court further concludes that if Debtors establish the validity of the claimed homestead exemption, they must also establish the recording dates and amounts of all other judicial liens on the property, in order to properly support application of § 522(f)(1)(A) against BCI as the formula for impairment in § 522(f)(2)(A) requires. *See All Points Capital Corp. v. Meyer (In re Meyer)*, 373 B.R. 84, 87 (9th Cir. BAP 2007). The BAP states:

> Otherwise valid judicial liens that are being avoided under § 522(f) as impairing exemptions are deducted in reverse order of priority. This is law of the circuit. *Hanger v. Bank of Am. Nat'l Trust & Sav. Ass'n (In re Hanger)*, 196 F.3d 1292 (9th Cir. 1999), *aff'g & adopting*, 217 B.R. 592, 595 (9th Cir. BAP 1997).
>
> This reverse priority rule is a corollary to the requirement in the § 522(f)(2)(A) statutory formula that liens be assessed for avoidance on a lien-by-lien basis and has the consequence of giving effect to the priority rules of applicable nonbankruptcy law. . . .
>
> . . .
>
> [O]ne must approach lien avoidance from the back of the line, or at least some point far enough back in line that there is no nonexempt equity in sight. As an economist would say, judicial liens are avoided in reverse order until the marginal lien, i.e., the junior lien supported in part by equity, is reached.

*Id.* at 87-88. Given Debtors' varying estimates of value, it is not necessarily clear that there is an absence of equity for all judicial liens. Value, and the proper application of the § 522(f)(2)(A) formula, are therefore at issue, assuming Debtors have a valid homestead exemption.

under § 522(f)(1)(A).

The Motion and BCI's objection will be set for an evidentiary hearing, and the Court will issue notice of the same, along with an appropriate Order on this Decision.

DATED: August 28, 2009

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE