**Jed W. Manwaring, ISB #3040**
**Judy L. Geier, ISB #6559**
**EVANS KEANE LLP**
**1405 W. Main Street**
**P. O. Box 959**
**Boise, Idaho  83701-0959**
**Telephone:  (208) 384-1800**
**Facsimile:  (208) 345-3514**
**e-mail:  jmanwaring@evanskeane.com**

**Attorneys for Trustee, Richard E. Crawforth**

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| **In Re:** | Case No. 08-00802-TLM |
| **AARON AND TIFFANY HYMAS,** | Chapter 7 |
| **Debtors.** | |

### MOTION FOR APPROVAL OF COMPROMISE RE: COVINOS

Pursuant to Fed. R. Bankr. P. 9019, the Trustee moves the court for approval of a compromise between the estate and Vince and Kimberly Covino ("Covinos") whereby the Covinos will pay the Estate an additional lump sum of $15,000, in addition to the two payments of $5,000 already received, to satisfy the Estate's $250,000 Judgment.  In addition, the Covinos agree that in the event they file bankruptcy within 90 days of paying the Estate the amounts contemplated herein, the full satisfaction provision of this compromise shall be void.  In support of this motion, the Trustee alleges as follows:

1.     On August 1, 2011, the Trustee filed a Motion for Approval of Compromise (Doc. #235) whereby the Covinos proposed to pay the Estate $60,000 over 12 months to fully satisfy a stipulated Judgment Against the Covinos (the "Judgment") in the amount of $250,000.  The

*MOTION FOR APPROVAL OF COMPROMISE RE: COVINOS - 1*

Judgment arose out of a disputed Promissory Note in the amount of $507,402.

2. On August 31, 2011, the Covinos stipulated to the Judgment in *Crawforth v. Covino, et. al.*, Adversary Case No. 10-06073-TLM (Adv. Doc. #21), which issued on September 2, 2011 (Adv. Doc. #22). The Judgment was later recorded in the records of Ada County, Idaho, as Instrument #111103694 on December 20, 2011, and in the records of Canyon County, Idaho, as Instrument #2011050707 on December 22, 2011.

3. On September 2, 2011, an Order Approving Compromise with Covinos (the "First Compromise") issued as Doc. # 244. Per the terms of the First Compromise, the Trustee agreed to forbear enforcement and execution of the Judgment provided the Covinos make twelve equal, monthly, installments of $5,000 per, for a total payoff amount of $60,000 as full satisfaction of the Judgment. The payment term commenced on October 2011.

4. At the time that the First Compromise was negotiated, the Covinos asserted that they did not have sufficient assets to pay the Judgment in the full amount of $250,000. To date, the Covinos have made two installments of $5,000 under the forbearance terms. The Trustee has found no unencumbered assets or non-exempt property upon which to execute against to satisfy the Judgment. The Trustee has also reviewed a sworn financial statement of the Covinos showing substantial insolvency.

5. Through this compromise, the Covinos agree to pay a lump sum of an additional $15,000 to satisfy the Judgment. Further, Covinos agree that in the event the Covinos file for bankruptcy relief within 90 days from the date the Covinos pay the Trustee the $15,000 lump sum, the release contemplated herein shall be void. Should that occur, the Trustee could submit a proof of claim in the Covinos' bankruptcy in the full Judgment amount, less amounts paid but not avoided.

6. The Trustee contends that the proposed compromise is a "fair and equitable" resolution of the dispute, based upon factors such as the: the risk of non-collection; difficulty in enforcement of judgments; the complexity, expense and delay of the litigation; and the paramount interest of creditors. *In re Marples,* 266 B.R. 202, 206, 01.3 I.B.C.R. 116, 118 (Bankr. D. Idaho 2001); *Martin v. Kane (In re A & C Properties),* 784 F. 2d 1377, 1381-83 (9th Cir. 1986).

### PROBABILITY OF SUCCESSFULLY LITIGATING THE CLAIM

7. The outcome of the adversary proceeding litigation is certain as the Judgment has already been obtained.

### DIFFICULTY IN ENFORCEMENT OF A JUDGMENT

8. The Trustee and his attorneys have determined that enforcement and collection of the Judgment would likely yield no recovery. The Trustee has concluded that the Defendants would likely file bankruptcy based upon other significant debt obligations and judgments against the Covinos. There is almost 100% certainty that if the Trustee does not accept the present offer, the Estate will collect no further funds on the judgment.

### THE COMPLEXITY, EXPENSE AND DELAY OF THE LITIGATION

9. The proposed settlement will save significant additional costs and attorney fees for the Estate and eliminate a risk of no recovery in attempting to collect on the Judgment.

### THE PARAMOUNT INTEREST OF CREDITORS

10. The Trustee contends that this settlement is in the best interests of the creditors as the settlement proceeds reflect of the present-day value of the loan claim. Although the recovery is approximately 42% of the prior forbearance agreement, the Trustee believes in his business judgment it would be better to recover $15,000 as compared the distinct risk of recovering zero.

11.   For the above stated reasons, the Trustee asserts that the Motion for Approval of Compromise is a fair and equitable resolution of the matter and is in the best interests of the Estate.

Dated this 22nd day of June, 2012.

>                EVANS KEANE LLP
>
>
>                By      /s/ Jed W. Manwaring
>                   Jed W. Manwaring, Of the Firm
>                   Attorneys for Trustee

*MOTION FOR APPROVAL OF COMPROMISE RE: COVINOS - 4*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of June, 2012, I served a copy of the foregoing on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing.

- CIngram Ada County Treasurer    trbankrupt@adaweb.net
- Kelly I Beeman    jerri@beemanlaw.net, kelly@beemanlaw.net
- Brian Lawrence Boyle    brianboylelaw@gmail.com
- Laura E Burri    lburri@ringertlaw.com
- James William Colborn    jcolborn@idahorealestatelaw.com
- Terry C Copple    tc@davisoncopple.com, palmer@davisoncopple.com;band@davisoncopple.com
- Richard E Crawforth    trustee@richardcrawforth.com, ID06@ecfcbis.com
- Thomas E Dvorak    ted@givenspursley.com, s274@givenspursley.com
- Charles W Fawcett    cfawcett@skinnerfawcett.com
- Kenneth C Howell    kch@hteh.com, tas@hteh.com
- John R Kormanik    jrk@khsidaholaw.com, lat@khsidaholaw.com
- Jed W Manwaring    jmanwaring@evanskeane.com, jgeier@evanskeane.com
- James K Miersma    ecfid@rcflegal.com
- Robert A Mills    rmills@ajhlaw.com, robertmills.attorney@gmail.com
- David Wayne Newman    ustp.region18.bs.ecf@usdoj.gov
- Derrick J O'Neill    derrick@oneillpllc.com
- Lance E Olsen    ecfid@rcflegal.com
- Sheryl S Phillabaum    sheryl@spokelaw.com, ian@spokelaw.com;angie@spokelaw.com
- Robert K Reynard    rreynard@padrm.com
- Brent T Robinson    btr@idlawfirm.com, cb@idlawfirm.com
- Peter J Salmon    ecfidb@piteduncan.com
- JArchuleta Spokane Teachers Credit Union    jonathana@stcu.org
- David Paul Stroud    dave@stroudlegal.com
- Jennifer Tait-Solseng    ncleaver@robinsontait.com, ncarson@robinsontait.com;;lmcmahon@robinsontait.com;;jtait@robinsontait.com
- Elizabeth M Taylor    btaylor@adaweb.net, jpeterson@adaweb.net
- Wade D Thomas    wthomas01@gmail.com
- Kim J Trout    ktrout@idalaw.com, kkluckhohn@idalaw.com
- US Trustee    ustp.region18.bs.ecf@usdoj.gov
- Shane K Warner    swarner@swarnerlaw.com, la1@swarnerlaw.com
- William S. Weinstein    angelan@w-legal.com, yelenak@w-legal.com
- Jeffrey M Wilson    jeff@wilsonmccoll.com, cindy@wilsonmccoll.com

                                                                                   /s/ Jed W. Manwaring
                                                                                      Jed W. Manwaring