Jon N. and Mardee A. Wyman, Pro Se
393 W. River Trail Court
Eagle, ID 83616
Phone: (208) 342-0491

U.S. COURTS

FEB 1 9 2013

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF IDAHO

Filed_____Time 4:15
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

In re:

Tiffany Kim Hymas and Aaron Michael Hymas,

    Debtors.

Jon N. Wyman and Mardee A.
Wyman, husband and wife, Pro Se

    Plaintiffs,

vs.

Tiffany Kim Hymas and Aaron Michael Hymas,
Husband and Wife,

    Debtor(s)

Bankruptcy Case No. 08-00802 TLM

Chapter 7

RESPONSE TO TRUSTEE'S
OBECTION TO CLAIM AND
NOTICE

    COMES NOW, the Plaintiffs, Jon N. Wyman and Mardee A. Wyman and responds to Trustee's missing Real Estate Purchase Agreement, which was a part Claim No 12, filed on September 23, 2008 as follows:

    1. Plaintiffs records showed they filed the attached Real Estate Purchase and Sales Agreement and Receipt for Earnest Money with their proof of claim with this Court. Because of the long time between filing and the Trustee's Objection, and Plaintiffs resubmit the Document to show it was it was or should have been attached to the original filings.

    2. Plaintiffs attach to this Response a copy of the original for the benefit of this Court and a copy delivered to the Trustee.

    DATED this day of February, 2012.

                                      _____
                                      Jon N. Wyman, Creditor

                                      _____
                                      Mardee A. Wyman, Creditor

Creditors Response to Trustee's Objection to Claim and Notice, Page 1.




# RE-21 REAL ESTATE PURCHASE AND SALE AGREEMENT
## AND RECEIPT FOR EARNEST MONEY

THIS IS A LEGALLY BINDING CONTRACT. READ THE ENTIRE DOCUMENT INCLUDING ANY ATTACHMENTS. IF YOU HAVE ANY QUESTIONS, CONSULT YOUR ATTORNEY AND/OR ACCOUNTANT BEFORE SIGNING.

DATE __April 5, 2004__

1  ID# __04050401__
2  **1. REAL ESTATE OFFICES:**
3  LISTING AGENCY __Coldwell Banker - Meridian__    Office Phone # __884-1300__
                                                     Other Phone # __484-3653__
4  Office Fax # __884-1306__    E-Mail __amegee@cbaspen.com__
5  Listing Agent __Aaron T. Megee__    E-Mail _____    Phone # _____
6  SELLING AGENCY __Group One, Inc. - Eagle__    Office Phone # __939-8000__
                                                 Other Phone # __422-2778 direct line__
7  Office Fax # __422-2799__    E-Mail __dhough@group-one.com__
8  Selling Agent __Dianne Hough__    E-Mail _____    Phone # __866-8594 cell__
9  **2. BUYER & PROPERTY:** __Jon N. & Mardee A. Wyman__
10 (Hereinafter called "BUYER") agrees to purchase, and the undersigned SELLER agrees to sell the following described real estate hereinafter referred to
11 as "PREMISES" COMMONLY KNOWN AS __393 W. River Trail Court__    City __Eagle, Idaho__
12 __Ada__ County, ID, Zip __83616__ legally described as: __Lot 7, Block 19 Two River's Subdivision #2__
13
14 OR Legal Description Attached as addendum # __N/A__ (Addendum must accompany original offer.)
15
16 3. $ __525,000__    PURCHASE PRICE: __Five Hundred and Twenty-Five Thousand__ DOLLARS,
17    payable upon the following TERMS AND CONDITIONS ( not including closing costs ) :
18
19 **4. FINANCIAL TERMS:** Note: A+C+D+E must add up to total purchase price, except for 100% financing.
20 $ __10,000__    (A). EARNEST MONEY: BUYER hereby deposits __Ten Thousand__ DOLLARS as
21 Earnest Money evidenced by: ☐ cash ☒ personal check ☐ cashier's check ☐ note due ☐ other _____
22 and a receipt is hereby acknowledged. Earnest Money to be deposited in trust account upon acceptance by all parties and shall be held by:
23 ☐ Listing Broker ☒ Selling Broker ☐ other _____ for the benefit of the parties hereto, and
24 __Sally Howard__ (Broker) shall hold the completely executed Broker's copy of this Agreement. The responsible
25 Broker shall be __Group One, Inc.__
26    (B). ALL CASH OFFER: ☐ NO ☒ YES If this is an all cash offer do not complete lines 31 through 52, fill blanks with N/A
27 (Not Applicable). IF CASH OFFER, BUYER'S OBLIGATION TO CLOSE SHALL NOT BE SUBJECT TO ANY FINANCIAL CONTINGENCY.
28 BUYER agrees to provide SELLER within __N/A__ business days from the date of this agreement, evidence of sufficient funds and/or proceeds
29 sufficient funds and/or proceeds necessary to close transaction. Acceptable documentation includes, but is not limited to a copy of a recent
30 bank or financial statement or contract(s) for the sale of BUYER'S current residence or other property to be sold.
31 $ _____    (C). NEW LOAN PROCEEDS: FIRST LOAN of $ _____ not including mortgage insurance.
32 This Agreement is contingent upon BUYER obtaining: ☐ FHA ☐ VA ☐ CONVEN ☐ IHFA ☐ RD ☐ OTHER _____
33 with interest not to exceed _____ % for a period of _____ year(s) at: ☐ fixed rate ☐ other _____
34 BUYER shall pay no more than _____ point(s) plus origination fee if any. SELLER shall pay no more than _____ point(s). Any reduction in
35 in points shall first accrue to the benefit of the ☐ BUYER ☐ SELLER ☐ Divided Equally ☐ N/A
36 LOAN APPLICATION: BUYER ☐ has ☐ shall apply for such loan within _____ business day(s) of SELLER'S acceptance Within _____
37 business days of final acceptance of all parties, BUYER agrees to furnish SELLER with a written loan commitment showing lender
38 approval of credit report, income verification, debt ratios and subject only to satisfactory appraisal and final lender underwriting. If
39 such written commitment is not received by SELLER(S) within the strict time allotted, SELLER(S) may at their option cancel this agreement by
40 notifying BUYER(S) in writing of such cancellation. If an appraisal is required by lender, the property must appraise at not less than purchase
41 price or BUYER'S Earnest Money may be returned at BUYER'S request. BUYER may also apply for a loan with different conditions and
42 costs and close transaction provided all other terms and conditions of this Agreement are fulfilled, and the new loan does not increase the costs or
43 requirements to the SELLER.
44 FHA / VA: If applicable, it is expressly agreed that notwithstanding any other provisions of this contract, BUYER shall not be obligated to
45 complete the purchase of the property described herein or to incur any penalty or forfeiture of Earnest Money deposits or otherwise unless
46 BUYER has been given in accordance with HUD/FHA or VA requirements a written statement by the Federal Housing Commissioner,
47 Veterans Administration or a Direct Endorsement lender setting forth the appraised value of the property of not less than the sales price as stated in
48 the contract. SELLER agrees to pay fees required by FHA or VA.
49
50 $ _____    (D). ADDITIONAL FINANCIAL TERMS:
51 ☐ Additional financial terms are specified under the heading "OTHER TERMS AND/OR CONDITIONS" (Section 6).
52 ☐ Additional financial terms are contained in a FINANCING ADDENDUM of same date, attached hereto, signed by both parties.
53
54 $ __515,000__    (E). APPROXIMATE FUNDS DUE FROM BUYERS AT CLOSING (Not including closing costs); Cash at closing
55    to be paid by BUYER at closing in GOOD FUNDS, Includes: cash, electronic transfer funds, certified check or cashier's check. NOTE: If any
56    of above loans being Assumed or taken "subject to", any net differences between the approximate balances and the actual balance of said loan(s)
57    shall be adjusted at closing of escrow in: ☒ Cash ☐ Other _____
58
59
60    BUYER and SELLER acknowledge receipt of copy of this page, which constitutes PAGE 1 of 6 PAGES
       BUYER'S Initials ___ X ___ Date __4-05-04__    SELLER'S Initials ___ )( ___ Date __4/6/04__
This form is printed and distributed by the Idaho Association of REALTORS®, Inc. / Ada County Association of REALTORS®, Inc. This form has been designed for and
is provided only for use by real estate professionals who are members of the National Association of REALTORS®.
USE BY ANY OTHER PERSON IS PROHIBITED.
Copyright Idaho Association of REALTORS®, Inc. / Ada County Association of REALTORS®, Inc. All rights reserved.
RE-21 RESIDENTIAL PURCHASE AND SALE AGREEMENT  JULY, 2003 EDITION

PAGE 2 OF 6 PAGES – RE-21 PURCHASE & SALES AGREEMENT

PROPERTY ADDRESS: _____393 W. River Trail Court_____ ID#: __04050401__

5. **"NOT APPLICABLE DEFINED:"** The letters "n/a," "N/A," "n.a.," and "N.A." as used herein are abbreviations of the term "not applicable." Where this agreement uses the term "not applicable" or an abbreviation thereof, it shall be evidence that the parties have contemplated certain facts or conditions and have determined that such facts or conditions do not apply to the agreement or transaction herein.

6. **OTHER TERMS AND/OR CONDITIONS:** This Agreement is made subject to the following special terms, considerations and/or contingencies which must be satisfied prior to closing **(1) The Buyer shall revisit the home on or before April 12, 2004. (2) In order to verify the square footage on MLS vs Ada County Tax Records, Buyers shall receive a copy of the appraisal or other proof of square footage which shall be subject to Buyer's final approval. **See Adden.1** (3) Sellers agree to participate in a 1031 Exchange due to close June 10, 2004 at no cost to Sellers. Should an extention be required to facilitate this transaction, the Sellers hereby agree to a one month extention. (4) The Sellers may rent back the property for up to two years at a rate of $2750 per month or as further agreed.**

7. **ITEMS INCLUDED & EXCLUDED IN THIS SALE:** All existing fixtures and fittings that are attached to the property are INCLUDED IN THE PURCHASE PRICE (unless excluded below), and shall be transferred free of liens. These include, but are not limited to, all attached floor coverings, attached television antennae, satellite dish and receiving equipment, attached plumbing, bathroom and lighting fixtures, window screens, screen doors, storm windows, storm doors, all window coverings, garage door opener(s) and transmitter(s), exterior trees, plants or shrubbery, water heating apparatus and fixtures, attached fireplace equipment, awnings, ventilating, cooling and heating systems, all ranges, ovens, built-in dishwashers, fuel tanks and irrigation fixtures and equipment, all water systems, wells, springs, water, water rights, ditches and ditch rights, if any, that are appurtenant thereto that are now on or used in connection with the premises and shall be included in the sale unless otherwise provided herein. BUYER should satisfy himself/herself that the price and condition of the property are acceptable. It is agreed that any item included in section 7 is of nominal value less than $100.
(A) ADDITIONAL ITEMS SPECIFICALLY INCLUDED IN THIS SALE: Dishwasher, disposal, microwave, refrigerator, oven range, trash compactor and central vacuum system shall convey with the property. All window coverings shall convey with the home. Security system shall be left intact. THE WIDE SCREEN TV SHALL CONVEY WITH THE HOME. JW 04-7-04    MAW 04/07/04

(B) ITEMS SPECIFICALLY EXCLUDED IN THIS SALE: All personal items to be removed from home. Playground set shall be removed from yard.

8. **TITLE CONVEYANCE:** Title of SELLER is to be conveyed by warranty deed, unless otherwise provided, and is to be marketable and insurable except for rights reserved in federal patents, state or railroad deeds, building or use restrictions, building and zoning regulations and ordinances of any governmental unit, and rights of way and easements established or of record. Liens, encumbrances or defects to be discharged by SELLER may be paid out of purchase money at date of closing. No liens, encumbrances or defects which are to be discharged or assumed by BUYER or to which title is taken subject to, exist unless otherwise specified in this Agreement.

9. **TITLE INSURANCE:** There may be types of title insurance coverages available other than those listed below and parties to this agreement are advised to talk to a title company about any other coverages available.
(A). TITLE COMMITMENT: Prior to closing the transaction, ☒ SELLER or ☐ BUYER shall furnish to BUYER a commitment of a title insurance policy showing the condition of the title to said premises. BUYER shall have __2__ business day(s) from receipt of the commitment or not fewer than twenty-four (24) hours prior to closing, within which to object in writing to the condition of the title as set forth in the commitment. If BUYER does not so object, BUYER shall be deemed to have accepted the conditions of the title. It is agreed that if the title of said premises is not marketable, or cannot be made so within __2__ business day(s) after notice containing a written statement of defect is delivered to SELLER, BUYER'S Earnest Money deposit will be returned to BUYER and SELLER shall pay for the cost of title insurance cancellation fee, escrow and legal fees, if any.
(B). TITLE COMPANY: The parties agree that _____Pioneer_____ Title Company located at _Rifleman St. Boise, ID_ shall provide the title policy and preliminary report of commitment.
(C). STANDARD COVERAGE OWNER'S POLICY: SELLER shall within a reasonable time after closing furnish to BUYER a title insurance policy in the amount of the purchase price of the premises showing marketable and insurable title subject to the liens, encumbrances and defects elsewhere set out in this Agreement to be discharged or assumed by BUYER. The risk assumed by the title company in the standard coverage policy is limited to matters of public record.
(D). EXTENDED COVERAGE OWNER'S POLICY: A standard title policy does not cover certain potential problems or risks such as liens (i.e. a legal claim against premises for payment of some debt or obligation, boundary disputes, claims of easement and other matters of claims if not of public record at time of closing). However, under Idaho law, such potential claims against the premises may have become legal obligations before the purchase of home and yet may not be of public record until after the purchase. BUYERS are advised talk to a title company about extended coverage title policies and endorsements. This coverage is for the benefit of the owner and provides coverage similar to that provided by the extended coverage lender's policy.
Extended Coverage Owner's Policy requested ☐Yes ☒No. Additional premium paid by: ☐BUYER ☐SELLER.
(E). EXTENDED COVERAGE LENDER'S POLICY (Mortgagee policy): The lender may require that BUYER (Borrower) furnish an Extended Coverage Lender's Policy. This extended coverage lender's policy considers matters of public record and additionally insures against certain matters not shown in the public record. This extended coverage lender's policy is solely for the benefit of the lender and only protects the lender.
(F). HOMEOWNERS EXPANDED COVERAGE ENDORSEMENT: This endorsement attaches to and becomes a part of a Standard Title Policy and shall be effective only if at date of policy there is located on the land described in said policy a one to four family residential structure in which the insured owner resides either at date of policy or at any time prior to time insured owner acquires knowledge of a potential claim hereunder. Title company hereby insures Insured Owner of the estate or interest against loss or damage which Insured Owner shall sustain by reason of existence at date of policy any unrecorded statutory liens for labor or material attaching to said estate or interest arising out of any work of improvement on said land in progress or completed at date of policy, except a work of improvement for which said Insured Owner has agreed to be responsible. Also covers other problems but only after a final court order of judgment that requires removal.

BUYER and SELLER acknowledge receipt of copy of this page, which constitutes PAGE 2 of 6 PAGES
BUYER'S Initials (CRW)(MAW) Date 04-05-04    SELLER'S Initials (TK)(H) Date 4/6/04

This form is printed and distributed by the Idaho Association of REALTORS®, Inc. / Ada County Association of REALTORS®, Inc. This form has been designed for and is provided only for use by real estate professionals who are members of the National Association of REALTORS®.
USE BY ANY OTHER PERSON IS PROHIBITED.
Copyright Idaho Association of REALTORS®, Inc. / Ada County Association of REALTORS®, Inc. All rights reserved.
RE-21 RESIDENTIAL PURCHASE AND SALE AGREEMENT JULY, 2003 EDITION

PAGE 4 OF 6 PAGES — RE-21 PURCHASE & SALES AGREEMENT

PROPERTY ADDRESS: 393 W. River Trail Court                    ID#: 04050401

190  18. **COSTS PAID BY:** Costs in addition to those listed below may be incurred by BUYER and SELLER unless otherwise agreed herein, or provided by law or
191  required by lender, or otherwise stated herein. The below costs will be paid as indicated. Some costs are subject to loan program requirements.
192  SELLER agrees to pay up to $ NONE _____ lender required repair costs only.
193  BUYER or SELLER has the option to pay any lender required repair costs in excess of this amount.
194
195

| | BUYER | SELLER | Shared Equally | N/A | | BUYER | SELLER | Shared Equally | N/A |
|---|---|---|---|---|---|---|---|---|---|
| Appraisal Fee | | | | X | Title Ins. Standard Coverage Owner's Policy | | X | | |
| Appraisal Re-Inspection Fee | | | | X | Title Ins. Extended Coverage Lender's Policy -- Mortgagee Policy | | | | X |
| Closing Escrow Fee | | | X | | Title Ins. Extended Coverage Owner's Policy | | | | X |
| Lender Document Preparation Fee | | | | X | Homeowner's Expanded Coverage Endorsement | | | | X |
| Tax Service Fee | | | X | | Well Inspection | | | | X |
| Flood Certification/Tracking Fee | | | X | | Septic Inspections | | | | X |
| Lender Required Inspections | | | | X | Septic Pumping | | | | X |
| Attorney Contract Preparation Fee | | | | X | Survey | | | | X |
| | | | | | Fuel in Tank -- Amount to be Determined by Supplier | | | | X |

196  19. **OCCUPANCY:** BUYER ☐ does ☒ does not intend to occupy property as BUYER'S primary residence.
197
198  20. **FINAL WALK THROUGH:** The SELLER grants BUYER and any representative of BUYER reasonable access to conduct a final walk through
199  inspection of the premises approximately __2__ calendar day(s) prior to close of escrow, NOT AS A CONTINGENCY OF THE SALE, but for purposes of
200  satisfying BUYER that any repairs agreed to in writing by BUYER and SELLER have been completed and premises are in substantially the same
201  condition as on acceptance date of this contract. SELLER shall make premises available for the final walk through and agrees to accept the responsibility
202  and expense for making sure all the utilities are turned on for the walk through except for phone and cable. If BUYER does not conduct a final walk
203  through, BUYER specifically releases the Broker(s) of any liability.
204
205  21. **RISK OF LOSS:** prior to closing of this sale, all risk of loss shall remain with SELLER. In addition, should the premises be materially damaged
206  by fire or other destructive cause prior to closing, this agreement shall be voidable at the option of the BUYER.
207
208  22. **CLOSING:** On or before the closing date, BUYER and SELLER shall deposit with the closing agency all funds and instruments necessary to complete
209  this transaction. Closing means the date on which all documents are either recorded or accepted by an escrow agent and the sale proceeds are
210  available to SELLER. The closing shall be no later than (Date) June 10, 2004
211  The parties agree that the CLOSING AGENCY for this transaction shall be Pioneer Title - Diana Hottendorf or assigns
212  located at Rifleman Street, Boise, ID
213  If a long-term escrow / collection is involved, then the long-term escrow holder shall be _____
214
215  23. **POSSESSION:** BUYER shall be entitled to possession ☒ upon closing or ☐ date _____ time _____ ☐ a.m. ☒ p.m.
216  Property taxes and water assessments (using the last available assessment as a basis), rents, interest and reserves, liens, encumbrances or obligations
217  assumed and utilities shall be pro-rated as of _____Closing_____ .
218
219  24. **SALES PRICE INFORMATION:** SELLER and BUYER hereby grant permission to the brokers and either party to this Agreement, to disclose sale data
220  from this transaction, including selling price and property address to the local Association / Board of REALTORS®, its members, its members' prospects;
221  appraisers and other professional users of real estate sales data. The parties to this Agreement acknowledge that sales price information compiled as a result
222  of this Agreement may be provided to the County Assessor's Office by either party or by either party's Broker.
223
224  25. **FACSIMILE TRANSMISSION:** Facsimile or electronic transmission of any signed original document, and retransmission of any signed facsimile or
225  electronic transmission shall be the same as delivery of an original. At the request of either party or the Closing Agency, the parties will confirm facsimile and

BUYER and SELLER acknowledge receipt of copy of this page, which constitutes PAGE 4 of 6 PAGES
BUYER'S Initials (____)(____) Date 04 05 04   SELLER'S Initials (TY H)(____) Date 4/6/04

This form is printed and distributed by the Idaho Association of REALTORS®, Inc. / Ada County Association of REALTORS®, Inc. This form has been designed for and
is provided only for use by real estate professionals who are members of the National Association of REALTORS®.
USE BY ANY OTHER PERSON IS PROHIBITED.
Copyright Idaho Association of REALTORS®, Inc. / Ada County Association of REALTORS®, Inc. All rights reserved.
RE-21 RESIDENTIAL PURCHASE AND SALE AGREEMENT JULY 2003 EDITION

PAGE 5 OF 6 PAGES – RE-21 PURCHASE & SALES AGREEMENT

PROPERTY ADDRESS: 393 W. River Trail Court    ID#: 04050401

226 electronic transmitted signatures by signing an original document.

228 **26. SINGULAR AND PLURAL** terms each include the other, when appropriate.

230 **27. BUSINESS DAYS & HOURS** A business day is herein defined as Monday through Friday, 8:00 a.m. to 5:00 p.m. in the local time zone where the subject real property is physically located. A business day shall not include any Saturday or Sunday, nor shall a business day include any legal holiday recognized by the state of Idaho as found in Idaho Code § 73-108. The time in which any act required under this agreement is to be performed shall be computed by excluding the date of execution and including the last day. The first day shall be the day after the date of execution. If the last day is a legal holiday, then the time for performance shall be the next subsequent business day.

237 **28. SEVERABILITY:** In the case that any one or more of the provisions contained in this Agreement, or any application thereof, shall be invalid, illegal or unenforceable in any respect, the validity, legality or unenforceability of the remaining provisions shall not in any way be affected or impaired thereby.

241 **29. ATTORNEY'S FEES:** If either party initiates or defends any arbitration or legal action or proceedings which are in any way connected with this Agreement, the prevailing party shall be entitled to recover from the non-prevailing party reasonable costs and attorney's fees, including such costs and fees on appeal.

245 **30. DEFAULT: If BUYER defaults** in the performance of this Agreement, SELLER has the option of: (1) accepting the Earnest Money as liquidated damages or (2) pursuing any other lawful right or remedy to which SELLER may be entitled. If SELLER elects to proceed under (1), SELLER shall make demand upon the holder of the Earnest Money, upon which demand said holder shall pay from the Earnest Money the costs incurred by SELLER'S Broker on behalf of SELLER and BUYER related to the transaction, including, without limitation, the costs of title insurance, escrow fees, appraisal, credit report fees, inspection fees and attorney's fees; and said holder shall pay any balance of the Earnest Money, one-half to SELLER and one-half to SELLER'S Broker, provided that the amount to be paid to SELLER'S Broker shall not exceed the Broker's agreed to commission. SELLER and BUYER specifically acknowledge and agree that if SELLER elects to accept the Earnest Money as liquidated damages, such shall be SELLER'S sole and exclusive remedy, and such shall not be considered a penalty or forfeiture. If SELLER elects to proceed under (2), the holder of the Earnest Money shall be entitled to pay the costs incurred by SELLER'S Broker on behalf of SELLER and BUYER related to the transaction, including, without limitation, the costs of brokerage fee, title insurance, escrow fees, appraisal, credit report fees, inspection fees and attorney's fees, with any balance of the Earnest Money to be held pending resolution of the matter. If SELLER defaults, having approved said sale and fails to consummate the same as herein agreed, BUYER'S Earnest Money deposit shall be returned to him/her and SELLER shall pay for the costs of title insurance, escrow fees, appraisals, credit report fees, inspection fees, brokerage fees and attorney's fees, if any. This shall not be considered as a waiver by BUYER of any other lawful right or remedy to which BUYER may be entitled.

259 **31. EARNEST MONEY DISPUTE / INTERPLEADER:** Notwithstanding any termination of this contract, BUYER and SELLER agree that in the event of any controversy regarding the Earnest Money and things of value held by Broker or closing agency, unless mutual written instructions are received by the holder of the Earnest Money and things of value, Broker or closing agency shall not be required to take any action but may await any proceeding, or at Broker's or closing agency's option and sole discretion, may interplead all parties and deposit any monies or things of value into a court of competent jurisdiction and shall recover court costs and reasonable attorney's fees.

265 **32. COUNTERPARTS:** This Agreement may be executed in counterparts. Executing an agreement in counterparts shall mean the signature of two identical copies of the same agreement. Each identical copy of an agreement signed in counterparts is deemed to be an original, and all identical copies shall together constitute one and the same instrument.

270 **33. REPRESENTATION CONFIRMATION:** Check one (1) box in Section 1 and one (1) box in section 2 below to confirm that in this transaction, the brokerage(s) involved had the following relationship(s) with the BUYER(S) and SELLER(S).

Section 1:
- ☒ A.   The broker working with the BUYER(S) is acting as an AGENT for the BUYER(S).
- ☐ B.   The broker working with the BUYER(S) is acting as a LIMITED DUAL AGENT for the BUYER(S).
- ☐ C.   The broker working with the BUYER(S) is acting as a NONAGENT for the BUYER(S).

Section 2:
- ☒ A.   The broker working with the SELLER(S) is acting as an AGENT for the SELLER(S).
- ☐ B.   The broker working with the SELLER(S) is acting as a LIMITED DUAL AGENT for the SELLER(S).
- ☐ C.   The broker working with the SELLER(S) is acting as a NONAGENT for the SELLER(S).

Each party signing this document confirms that he or she has received, read and understood the Agency Disclosure Brochure and has elected the relationship confirmed above. In addition, each party confirms that the broker's agency office policy was made available for inspection and review. EACH PARTY UNDERSTANDS THAT HE OR SHE IS A 'CUSTOMER' AND IS NOT REPRESENTED BY A BROKER UNLESS THERE IS A SIGNED WRITTEN AGREEMENT FOR AGENCY REPRESENTATION. Each party signing this document understands that the above confirmation DOES NOT create an agency relationship between the Broker(s) and the BUYER(S)/SELLER(S) and they are a CUSTOMER and NOT REPRESENTED by a Broker UNLESS there is a SEPARATE signed written agreement as required by Idaho statute to create that relationship.

BUYER and SELLER acknowledge receipt of copy of this page, which constitutes PAGE 5 of 6 PAGES
BUYER'S Initials _____ / _____ Date _____    SELLER'S Initials _____ / _____ Date _____
This form is printed and distributed by the Idaho Association of REALTORS®, Inc. / Ada County Association of REALTORS®, Inc. This form has been designed for and is provided only for use by real estate professionals who are members of the National Association of REALTORS®.
USE BY ANY OTHER PERSON IS PROHIBITED.
Copyright Idaho Association of REALTORS®, Inc. / Ada County Association of REALTORS®, Inc. All rights reserved.
RE-21 RESIDENTIAL PURCHASE AND SALE AGREEMENT JULY 2003 EDITION

PAGE 6 OF 6 PAGES – RE-21 PURCHASE & SALES AGREEMENT

PROPERTY ADDRESS: _393 W. River Trail Court_         ID#: _04050401_

**34. ENTIRE AGREEMENT:** This Agreement contains the entire Agreement of the parties respecting the matters herein set forth and supersedes all prior Agreements between the parties respecting such matters. No warranties, including, without limitation, any warranty of habitability, agreements or representations not expressly set forth herein shall be binding upon either party.

**35. TIME IS OF THE ESSENCE IN THIS AGREEMENT.**

**36. AUTHORITY OF SIGNATORY:** If BUYER or SELLER is a corporation, partnership, trust, estate, or other entity, the person executing this agreement on its behalf warrants his or her authority to do so and to bind BUYER or SELLER.

**37. ACCEPTANCE:** BUYER'S offer is made subject to the acceptance of SELLER on or before (Date) _April 6, 2004_ at (Local Time in which property is located) _9:00_ ☐ a.m. ☒ p.m. If SELLER does not accept this Agreement within the time specified, the entire Earnest Money shall be refunded to BUYER on demand.

**38. BUYER'S SIGNATURES:** I/We further acknowledge receipt of a true copy of this Agreement.

☒ SEE ATTACHED BUYER'S ADDENDUM(S): _1_ (Specify number of BUYER addendum(s) attached.)

BUYER Signature _[signed]_    BUYER (Print Name) _JON N WYMAN_
Date _04-05-04_ Time _9:40_ ☐ a.m. ☒ p.m    Phone # _342 0491_    Cell # _____
Address _2401 Regan St_    City _Boise_    State _ID_    Zip _83702_
E-Mail Address _____    Fax # _331-3173_

BUYER Signature _[signed]_    BUYER (Print Name) _Marclee A. Wyman_
Date _04-05-04_ Time _9:40_ ☐ a.m. ☒ p.m    Phone # _342 0491_    Cell # _____
Address _2401 Regan St_    City _Boise_    State _ID_    Zip _83702_
E-Mail Address _____    Fax # _331-3173_

**39. SELLER'S SIGNATURES:**
On this date, I/We hereby approve and accept the transaction set forth in the above Agreement and agree to carry out all the terms thereof on the part of the SELLER. I/We further acknowledge receipt of a true copy of this Agreement signed by both parties.

☒ SIGNATURE(S) SUBJECT TO ATTACHED COUNTER OFFER    ☐ SIGNATURE(S) SUBJECT TO ATTACHED ADDENDUM(S) # _____

SELLER Signature _[signed]_    SELLER (Print Name) _____
Date _4/6/04_ Time _9:30_ ☐ a.m. ☒ p.m    Phone # _____    Cell # _____
Address _____    City _____    State _____    Zip _____
E-Mail Address _____    Fax # _____

SELLER Signature _____    SELLER (Print Name) _____
Date _____ Time _____ ☐ a.m. ☐ p.m    Phone # _____    Cell # _____
Address _____    City _____    State _____    Zip _____
E-Mail Address _____    Fax # _____

**40. BUYER'S ACKNOWLEDGMENT OF RECEIPT OF FINAL COPY BEARING ALL SIGNATURES:**
A true copy of the foregoing Agreement, signed by the SELLER and containing the full and complete description of the premises, is hereby received on

Date _04/07/04_    Time _4:30_ ☐ a.m. ☒ p.m
BUYER: _[signed]_    BUYER: _[signed Marclee A Wyman]_

BUYER and SELLER acknowledge receipt of copy of this page, which constitutes PAGE 6 of 6 PAGES _4/6/04_
BUYER'S Initials _(JW) (MAW)_ Date _04-05-04_    SELLER'S Initials _(TK HK)_ Date _4/6/04_
This form is printed and distributed by the Idaho Association of REALTORS®, Inc. / Ada County Association of REALTORS®, Inc. This form has been designed for and is provided only for use by real estate professionals who are members of the National Association of REALTORS®.
USE BY ANY OTHER PERSON IS PROHIBITED.
Copyright Idaho Association of REALTORS®, Inc. / Ada County Association of REALTORS®, Inc. All rights reserved.
RE-21 RESIDENTIAL PURCHASE AND SALE AGREEMENT JULY, 2003 EDITION

Printed Using Professional Computer Forms Co. On-Line Forms Software 7/03

APR-07-2004 WED 05:38 PM GROUP ONE          FAX NO. 208 3389215          P. 08

**RE-11 ADDENDUM/AMENDMENT #** _____1_____ (1,2,3, etc.)

THIS IS A LEGALLY BINDING CONTRACT. READ THE ENTIRE DOCUMENT INCLUDING ANY ATTACHMENTS. IF YOU HAVE ANY QUESTIONS, CONSULT YOUR ATTORNEY AND/OR ACCOUNTANT BEFORE SIGNING.

This is an ☒ ADDENDUM or an ☐ AMENDMENT to the Real Estate Purchase and Sale Agreement and Receipt for Earnest Money.

Earnest Money Dated: April 5, 2004                                          ID # 04050401
ADDRESS: 393 W. River Trail Court
BUYER(S): Jon N. and Mardee A. Wyman
SELLER(S): Tiffany Hymas

The undersigned parties hereby agree as follows:
The Selling agent is the sister-in-law of the Buyers and is a licensed Realtor in the State of Idaho.

"PAGE 2, SECTION 6"- Should the actual square footage in the Buyer's opinion be substantially less than as stated on MLS, the Buyer may elect to withdraw this offer without penalty.

The terms and conditions of a Lease Agreement on this property shall be executed in a separate contract between both parties.

To the extent the terms of this ADDENDUM or AMENDMENT modify or conflict with any provisions of the Real Estate Purchase and Sale Agreement including all prior Addendums or Amendments, these terms shall control. All other terms of the Real Estate Purchase and Sale Agreement including all prior Addendums, Amendments, or Counter Offers not modified by this ADDENDUM or AMENDMENT shall remain the same.

The herein agreement, upon its execution by both parties, is made an integral part of the aforementioned Agreement.

Date 4-5-04  Time 9:40 AM/PM    Buyer _____
Date 4-6-04  Time 6:00 AM/PM    Seller _____

This form is printed and distributed by the Idaho Association of REALTORS®, Inc. / Ada County Association of REALTORS®, Inc. This form has been designed for and is provided only for the real estate professionals licensed by the Idaho Association of REALTORS®.
USE BY ANY OTHER PERSON IS PROHIBITED.
©Copyright Idaho Association of REALTORS®, Inc. / Ada County Association of REALTORS®, Inc. All rights reserved.

RE-11 ADDENDUM/AMENDMENT JULY 2003 EDITION PAGE 1 OF 1

Printed Using Professional Computer Forms Co. On-Line Forms Software 7/03

APR-15-2004 THU 10:58 AM I D O L                FAX NO. 2083346300                P. 02

**RE-11 ADDENDUM/AMENDMENT #** _____2_____ (1,2,3, etc.)

THIS IS A LEGALLY BINDING CONTRACT. READ THE ENTIRE DOCUMENT INCLUDING ANY ATTACHMENTS. IF YOU HAVE ANY QUESTIONS, CONSULT YOUR ATTORNEY AND/OR ACCOUNTANT BEFORE SIGNING.

This is an ☐ ADDENDUM or an ☐ AMENDMENT to the Real Estate Purchase and Sale Agreement and Receipt for Earnest Money.

Earnest Money Dated: 04-05-04                    ID # 04050401
ADDRESS: 393 W. RIVER TRAIL COURT
BUYER(S): JON L. AND MARDEE A. WYMAN
SELLER(S): TIFFANY HYMAS

The undersigned parties hereby agree as follows:

PURSUANT TO THE HOME INSPECTION DATED 04-12-2004 THE FOLLOWING REPAIRS SHALL BE MADE BY THE SELLER PRIOR TO CLOSING:
1) REPAIR LEAK IN MASTER SHOWER DRAIN; REPAIR LEAK IN WATER SUPPLY LINE IN POWDER ROOM TOILET; PROPERLY CAP DRAIN UNDER KITCHEN ISLAND SINK.

2) RESUPPORT CUT FLOOR JOISTS UNDER MASTER BATHTUB AND OFF KITCHEN BATH TO COMPLY WITH CODE AS DOCUMENTED WITH PHOTOS IN INSPECTION REPORT.

3) HAVE FURNACES PROFESSIONALLY CLEANED & SERVICED AND INSTALL NEW FILTERS.

4) REPAIR HOLES IN STUCCO AS NOTED AT REAR OF GARAGE.
5) SECURE FRONT DOOR FRAME & BALCONY DOOR.

AS PREVIOUSLY DISCUSSED THE SELLER SHALL REPAIR DAMAGED AND CRACKED TRAVERTINE TILES IN ENTRY AND KITCHEN PRIOR TO VACATING HOME INCLUDING REINFORCING SUBFLOOR SEAMS TO PREVENT FUTURE CRACKING.

WITH THIS ADDENDUM THE BUYERS SHALL REMOVE ALL CONTINGENCIES AND MOVE FORWARD TO CLOSING.

To the extent the terms of this ADDENDUM or AMENDMENT modify or conflict with any provisions of the Real Estate Purchase and Sale Agreement including all prior Addendums or Amendments, these terms shall control. All other terms of the Real Estate Purchase and Sale Agreement including all prior Addendums, Amendments, or Counter Offers not modified by this ADDENDUM or AMENDMENT shall remain the same.

The herein agreement, upon its execution by both parties, is made an integral part of the aforementioned Agreement.

Date April 13 04  Time 11 pm  AM/PM    Buyer _____  _____
Date April 15, 04  Time 11:00 AM/PM    Seller _____

This form is printed and distributed the Idaho Association of REALTORS®, Inc. / Ada County Association of REALTORS®, Inc. This form has been designed for and is provided only for the real estate professionals licensed by the National Association of REALTORS®.
USE BY ANY OTHER PERSON IS PROHIBITED.
©Copyright Idaho Association of REALTORS®, Inc. / Ada County Association of REALTORS®, Inc. All rights reserved.

RE-11 ADDENDUM/AMENDMENT JULY, 2003 EDITION    PAGE 1 OF 1

**RE-13 COUNTER OFFER #** __1__ _____ (1, 2, 3, etc.)

THIS IS A LEGALLY BINDING CONTRACT. READ THE ENTIRE DOCUMENT INCLUDING ANY ATTACHMENTS. IF YOU HAVE ANY QUESTIONS, CONSULT YOUR ATTORNEY AND/OR ACCOUNTANT BEFORE SIGNING.

1  This is a COUNTER OFFER to the Real Estate Purchase and Sale Agreement and Receipt for Earnest Money:
2  Earnest Money Dated: __4/5/04__   ID# __04050401__
3  ADDRESS: __393 W. Rivertrail ct.__
4  BUYER: __Jon & Mardee Wyman__
5  SELLER: __Tiffany Hymas__
6  ☐ BUYER  ☒ SELLER accepts all of the terms and conditions in the above-designated agreement with the following changes or
7  amendments:
8  ☐ This is BUYER counter offer. The undersigned BUYER reserves the right to withdraw this offer at any time prior to the
9  receipt of a true copy of signed acceptance of this counter offer.
10 ☒ This is SELLER counter offer. The SELLER reserves the right to withdraw this offer or accept any other offers prior to the
11 receipt of a true copy of signed acceptance of this counter offer.

13
14  ① Sale Price to be $559,900 (five hundred fifty nine
15  thousand nine hundred dollars)
16
17  ② All other terms & conditions to stay the same.

23  Buyer and Seller acknowledge the down payment and/or loan amount on Page 1 of Purchase &
24  Sale Agreement may change if purchase price is changed as part of this Counter Offer. Upon its
25  execution by both parties, this agreement is made an integral part of the aforementioned Agreement.
26  ALL OTHER TERMS AND CONDITIONS TO REMAIN THE SAME. If a signed acceptance is not received on or before
27  __9:00__ ☐ a.m. ☒ p.m. __4/7/04__ this counter offer shall be deemed to have expired.

29  BUYER __[signed] Jon Wyman__           Dated __4/7/04__   Time __4:20__ ☐ a.m. ☒ p.m.
30  BUYER __[signed] Mardee A Wyman__      Dated __4/7/04__   Time __4:21__ ☐ a.m. ☒ p.m.
31  SELLER __[signed] Tiffany K Hymas__    Dated __4/6/04__   Time __6:00__ ☐ a.m. ☒ p.m.
32  SELLER _____ Dated _____ Time _____ ☐ a.m. ☐ p.m.

33  I/We acknowledge receipt of a true signed copy of acceptance.
34  BUYER _____ Dated _____ Time _____ ☐ a.m. ☐ p.m.
35  BUYER _____ Dated _____ Time _____ ☐ a.m. ☐ p.m.
36  SELLER _____ Dated _____ Time _____ ☐ a.m. ☐ p.m.
37  SELLER _____ Dated _____ Time _____ ☐ a.m. ☐ p.m.

This form is printed and distributed by the Idaho Association of REALTORS®/Ada County Association of REALTORS®. This form has been designed and is provided only for use by real estate professionals who are members of the National Association of REALTORS®
USE BY ANY OTHER PERSON IS PROHIBITED.
© Copyright Idaho Association of REALTORS®/Ada County Association of REALTORS® All rights reserved.

RE-13 COUNTER OFFER, JULY, 2003 EDITION    Page 1 of 1
BROKER'S COPY